**Eddie HUMPHREY, Petitioner–
Appellant,**

v.

**FLORIDA DEPARTMENT OF
CORRECTIONS, Respondent–
Appellee.**

No. 11–13549
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 9, 2012.

Eddie Humphrey, Indiantown, FL, pro
se.

Diane F. Medley, Pam Bondi, Office of
the Attorney General, West Palm Beach,
FL, for Respondent–Appellee.

Before BARKETT, MARCUS and
MARTIN, Circuit Judges.

PER CURIAM:

Eddie Humphrey, a Florida state pris-
oner proceeding *pro se*, appeals the district
court's denial of his 28 U.S.C. § 2254 fed-
eral habeas petition.[1]  After careful re-
view, we affirm.

Humphrey argues on appeal that his
equal protection and due process rights
were violated when his wife was compelled
to testify against him at his state court
trial.[2]  He did not, however, raise these
equal protection and due process claims in
state court.  Instead, he argued in his
state post-conviction proceedings that his
trial counsel was ineffective for failing to
object to his wife's testimony.  He does
not raise an ineffective assistance of coun-
sel claim here.

"A state habeas corpus petitioner who
fails to raise his federal claims properly in
state court is procedurally barred from
pursuing the same claim in federal court
absent a showing of cause for and actual
prejudice from the default."  *Bailey v. Na-
gle,* 172 F.3d 1299, 1302 (11th Cir.1999).
When a petitioner has failed to present a
claim to the state courts and "it is obvious
that the unexhausted claims would be pro-
cedurally barred in state court due to a
state-law procedural default, we can forego
the needless 'judicial ping-pong' and just
treat those claims now barred by state law
as no basis for federal habeas relief."
*Snowden v. Singletary,* 135 F.3d 732, 736
(11th Cir.1998).  Here, Humphrey's failure
to raise his equal protection and due pro-
cess claims on direct appeal or in his first
state post-conviction petition in the Florida
courts bars him from raising the issues in
a successive petition, *see Mills v. Florida,*
684 So.2d 801, 804 n. 3 (Fla.1996), and he
has failed to show good cause for the
default.  Thus, his equal protection and
due process claims are procedurally
barred.

**AFFIRMED.**

---

1.  We review *de novo* the district court's denial
of a habeas corpus petition.  *McNair v. Camp-
bell,* 416 F.3d 1291, 1297 (11th Cir.2005).

2.  The district court granted Humphrey a Cer-
tificate of Appealability on this issue.